UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-61687-CIV-COHN/WHITE
(Case No. 11-60257-CR-COHN)

RICHARD VIATOR,

        Movant,

v.

UNITED STATES OF AMERICA,

        Respondent.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND DISMISSING CASE

**THIS CAUSE** is before the Court upon the Report and Recommendation [DE 22] ("Report") of Magistrate Judge Patrick A. White to Movant Richard Viator's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE 1] ("Motion"). The Court has conducted a *de novo* review of the Report and has carefully considered the Motion, Movant's Objections to Report and Recommendation [DE 25] ("Objections"), the record in the case and is otherwise fully advised in the premises.

On December 28, 2011, Movant Richard Viator plead guilty to possessing with the intent to distribute more than 5 kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(a). Plea Agreement [CR DE[1] 78]. The plea agreement included a waiver of Movant's appellate/collateral attack rights. Id. ¶ 15. During the change of plea proceedings, the Court went over the Plea Agreement with Movant, including the appellate/collateral attack rights waiver and Movant stated that he understood the

---

[1]     "CR DE" refers to the docket in case no. 11-60257-CR-COHN.

waiver and had fully discussed it with his attorney.  Change of Plea Transcript [CR DE 126] at 9-10.  On February 10, 2012, Movant was arrested in Louisiana for passing five counterfeit twenty dollar bills.  As a result of this arrest, at sentencing, the probation officer did not recommend that Movant receive a reduction for acceptance of responsibility.  The Government also stated that, due to the arrest, it would not be filing a 5K or Rule 35 motion on Movant's behalf and recommended a sentence at the high end of the guidelines.  The Court sentenced Movant to 151 months.  Judgment [CR DE 118].

In the Report, Judge White recommends that the Motion be denied because Movant's claims are procedurally barred.  Report at 15.  According to Judge White, the claims Movant raises regarding the lawfulness of his sentence were not raised on direct appeal and thus, are procedurally barred.  Id. at 16.  Judge White also found that Movant's claims for ineffective assistance of counsel during sentencing have been rejected by the Eleventh Circuit in similar cases, where as here, a valid appellate waiver has been entered.  Id. at 16-17 (citing Williams v. United States, 396 F.3d 1340, 1342 (11th Cir. 2005)).  The Report also discusses how each of Movant's claims fail on the merits.

In his Objections, Movant argues that the Government breached the plea agreement by refusing to file a 5K motion, refusing to give him a reduction for acceptance of responsibility, and using his alleged obstruction of justice as a basis to deny him a reduction for acceptance of responsibility.  Objections at 1-2.  He also asserts that he is entitled to a reduction for acceptance of responsibility, he is entitled to

a reduction pursuant to Dorsey v. United States, and he was denied due process when the Court refused to hear from ATF agents regarding his substantial assistance. Id. Upon review, the Court finds that Movant's Objections are without merit. As Judge White discusses extensively in the report, Movant knowingly and voluntarily waived his right to appeal/collaterally attack his sentence. Thus Movant may not collaterally attack alleged errors that occurred at sentencing. See Burke v. United States, 152 F.3d 1329 (11th Cir. 1998). Moreover, given that Movant did not raise any of these issues on direct appeal, and has failed to demonstrate any cause for not doing so, he is procedurally barred from asserting them in the instant Motion. See Bousley v. United States, 523 U.S. 614, 622-23 (1998).

    Despite Movant's claims to the contrary, there is also no evidence that the Government breached the Plea Agreement. Instead, the record reflects that Movant, despite the seriousness of the crime with which he was charged, was permitted out on bond to facilitate his cooperation with the DEA. Transcript of Sentencing Hearing [DE 8-1] at 3-4. Because of his cooperation, the Government declined to file a § 851 enhancement which would have resulted in a twenty-year mandatory minimum sentencing. Id. at 4. The Government also stated that Movant was informed that if he committed any crime while out on bond, he would not receive credit for his assistance. Id. at 4. The Plea Agreement specifically states that the Government will not be required to seek a sentence reduction for acceptance of responsibility if Movant commits any misconduct. Plea Agreement ¶ 7. Moreover, the Plea Agreement is clear

that the Government is not required to file a motion for reduction of sentence based on substantial assistance nor is the Court required to grant such motion. Id. ¶¶ 9-10.

Thus, the record before the Court simply does not support that the Government breached the plea agreement in any way. Instead, as aptly stated by Judge White: "Viator did not receive the benefit of acceptance of responsibility not due to any breach by the government, but due to his subsequent unlawful behavior. Viator has no one to blame, but himself." Report at 24. Moreover, because the Government elected not to file a motion for sentence reduction based on Movant's substantial assistance, it was not a violation of Movant's due process rights for the Court to refuse to hear testimony from the DEA agents. See Objections at 4; Plea Agreement ¶ 9 ("nothing in this agreement requires this Office to file any such motions, and that this Office's assessment of the quality and significance of the defendant's cooperation shall be binding as it relates to the appropriateness of this Office's filing or non-filing of a motion to reduce sentence."). Accordingly, the Court will adopt the Report and overrule Movant's Objections.

Therefore, it is **ORDERED AND ADJUDGED** as follows:

1. The Magistrate Judge's Report and Recommendation [DE 22] is hereby **ADOPTED**;

2. The Motion to Vacate, Set Aside, or Correct Sentence [DE 1] is hereby **DENIED**;

3. Movant's Objections [DE 25] are **OVERRULED**;

4. The Clerk may **CLOSE** this case and **DENY** all pending motions as **MOOT**; and

4

5. Pursuant to Rule 11 of the Rules Governing Section 2255 Cases, Movant is hereby **DENIED** a certificate of appealabilty because Movant has failed to make a substantial showing that he was denied a constitutional right.  The Court notes that pursuant to Rule 22(b)(1) of the Federal Rules of Appellate Procedure, Movant may request issuance of a certificate of appealability from the Eleventh Circuit.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 26th day of July, 2013.

*/s/ James I. Cohn*
JAMES I. COHN
United States District Judge

Copies provided to counsel of record and pro se parties via CM/ECF